# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-10282

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

BRADY RODRIGUEZ-CRUZ, also known as Marcos Antonio Rodriguez-Mejia,

Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**
March 7, 2017

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:15-CR-51-2

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:*

Brady Rodriguez-Cruz appeals his jury conviction for conspiracy to commit sex trafficking of children in violation of 18 U.S.C. §§ 1591(a), (b)(1) and 1594(c). He contends that the district court erred in instructing the jury on the "in or affecting interstate or foreign commerce" element of § 1591(a). Because the challenged language tracks this circuit's pattern jury instruction

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-10282

for violations of § 1591(a) and is a correct statement of the law, Rodriguez-Cruz has failed to show any error on the district court's part.[1]

Further, Rodriguez-Cruz contends that the evidence was insufficient to satisfy the "in or affecting interstate or foreign commerce" element of § 1591(a). We have held that cell phones constitute facilities of interstate commerce and that their use, even if wholly intrastate, is sufficient to establish the "in or affecting interstate or foreign commerce" element for federal crimes.[2] The evidence presented at trial showed that a co-conspirator contacted Rodriguez-Cruz by cell phone to advertise that he had girls available for sex in exchange for money. A series of cell phone calls and text messages followed to coordinate the exchange. Rodriguez-Cruz does not dispute these facts. Thus, the evidence, when viewed in the light most favorable to the verdict, was sufficient to allow a rational jury to conclude beyond a reasonable doubt that Rodriguez-Cruz and his co-conspirator used facilities of interstate commerce as part of their conspiracy to commit sex trafficking of children.[3] Accordingly, the district court's judgment is AFFIRMED.

---

[1] *See United States v. Phea*, 755 F.3d 255, 266 (5th Cir. 2014); *United States v. Richardson*, 676 F.3d 491, 507-08 (5th Cir. 2012); Fifth Circuit Pattern Jury Instructions (Criminal) § 2.68.

[2] *See Phea*, 755 F.3d at 266; *United States v. Marek*, 238 F.3d 310, 318-19 & n.35 (5th Cir. 2001) (en banc).

[3] *See Phea,* 755 F.3d at 263; *United States v. Pruneda-Gonzalez*, 953 F.2d 190, 193 (5th Cir. 1992).